BRYAN, Judge,
dissenting.
In its summary judgment, the trial court concluded that the vacation of Short Texas Street would deprive Pinto Island of convenient and reasonable access to its property, in violation of § 23-4-2(b), Ala. Code 1975. The main opinion notes that Pinto Island has alternate means to access the property following the vacation. However, the trial court concluded that those alternate means were not convenient and reasonable because the property could not be accessed after the vacation by large commercial trucks without violating traffic laws.[2] The trial court specifically based its conclusion on evidence indicating that large commercial trucks accessing the property by turning south, or right, from Elmira Street onto Old Water Street must, in order to make that turn, illegally enter the left-hand lane of Elmira Street, ie., the oncoming lane of traffic. The trial court’s judgment also cited evidence indicating that, at some time before the vacation of South Texas Street, that street could be used to access the property without violating traffic laws.
William J. Metzger, the City’s traffic engineer, testified that “large semi-trailer trucks” could make the turn from Elmira Street onto Old Water Street “without going onto the railroad tracks and without leaving the right-of-way” of either street. The term “right-of-way,” as used in this case, refers to the strip of land that contains an entire public street. Therefore, I do not believe that Metzger’s testimony refutes the essential evidence on which the trial court based its judgment: that large commercial trucks accessing the property by turning south from Elmira Street onto Old Water Street must, in order to make that turn, illegally enter the left-hand lane of Elmira Street. The City submitted no evidence disputing this essential evidence.
Because I conclude that Metzger’s testimony does not establish the existence of a genuine issue of material fact, I would affirm the summary judgment of the trial court. Accordingly, I respectfully dissent.
MOORE, J., concurs.

. The City presents no argument addressing whether the trial court’s conclusion on this issue is correct as a matter of law.